**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, et al.,[1] | Case No. 19-11466 (MFW) |
| Debtors. | (Jointly Administered) |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, ST. CHRISTOPHER'S HEALTHCARE, LLC, TPS III OF PA, L.L.C., TPS IV OF PA, L.L.C., and TPS V OF PA, L.L.C., | Adv. Pro. No. 21-50796 (MFW) |
| Plaintiffs, | **DEFENDANTS MCKESSON PLASMA & BIOLOGICS LLC'S AND MCKESSON MEDICAL-SURGICAL, INC.'S MOTION TO DISMISS COMPLAINT** |
| v. | |
| MCKESSON PLASMA & BIOLOGICS LLC and MCKESSON MEDICAL-SURGICAL, INC., | |
| Defendants. | |

McKesson Plasma & Biologics LLC ("<u>Plasma</u>") and McKesson Medical-Surgical, Inc., ("<u>MMS</u>", and together with Plasma, "<u>Defendants</u>"), through their undersigned counsel, respectfully submit this motion to dismiss (the "<u>Motion</u>") the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548 & 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d)* [Adv. Docket No. 1] (the "<u>Complaint</u>") pursuant to Federal Rules of Civil

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

Procedure ("FRCP") 8 and 12(b)(6), made applicable herein by Federal Rules of Bankruptcy Procedure ("FRBP") 7008 and 7012, and for the reasons set forth below respectfully requests this Court enter an order substantially in the form attached hereto as **Exhibit A** dismissing the Complaint, as follows:

## I.    JURISDICTION AND VENUE

Pursuant to Delaware Local FRBP 7012-1, the Defendants consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## II.    INTRODUCTION

By way of the Complaint, Plaintiffs seek to avoid alleged preferential and fraudulent transfers made by the above captioned debtors ("Debtors") to Defendants totaling $853,284 (the "Transfers").    The imprecise and formulaic nature of the Complaint make it impossible to determine the factual underpinnings of the various causes of action asserted by Plaintiffs, and the Complaint should be dismissed.  As explained in detail below, the Complaint fails to connect the dots and allege plausible facts as to why Plaintiffs are entitled as a matter of law to avoid certain transfers made to Defendants prior to the filing of the above-captioned bankruptcy cases.  It is precisely this lack of clarity FRCP 8(a) seeks to avoid.  Pursuant to binding precedent, as well as other persuasive case law, the Complaint fails to allege sufficient facts to satisfy the rigid pleading standard required by FRCP 8(a) as incorporated by FRBP 7008(a).  As detailed herein, the Complaint contains only threadbare recitals of the elements of a legal claim and mere conclusory statements, while failing to allege sufficient facts supporting all of the required elements of the asserted causes of action.  Accordingly, the Complaint should be dismissed pursuant to FRCP 12(b)(6).

### III.  <u>ARGUMENT</u>

**A.  Standard for Rule 12(b)(6) Motion to Dismiss.**

FRCP 12(b)(6), applicable in adversary proceedings pursuant to FRBP 7012(b), provides for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. Rule 12(b)(6).  In addition, FRCP 8 requires that complaints in federal court consist of "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. Rule 8(a)(2).  Accordingly, the plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).   When a federal court considers a 12(b)(6) motion to dismiss, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted).  The factual allegations stated in the complaint "must be enough to raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Moreover, "[t]he allegations of the complaint should 'plausibly suggest' the pleader is entitled to relief." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1966).  The Supreme Court clarified the "plausibility" standard in *Ashcroft v. Iqbal* by holding that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). (citation omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully."  *Id*.  Indeed, mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

550 U.S. at 555.   Thus, FRCP 8 "requires a 'showing,' rather than a blanket assertion, of

entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

    Since *Twombly* and *Iqbal*, bankruptcy courts have implemented the "plausibility" standard

for preference claims.   *See Beaman v. Barth (In re AmerLink, Ltd.)*, 2011 Bankr. LEXIS 925

(Bankr. E.D.N.C. Mar. 11, 2011) ("The heightened pleading standards…apply to pleadings of

preference actions.").   In the present matter, Plaintiff's Complaint should be dismissed as it merely

recites the underlying statutes without providing sufficient information as to the facts supporting

each element of the causes of action asserted in the Complaint.

### B. The Complaint Fails to Allege Facts Supporting All Required Elements to Establish a Claim for Avoidance of Preferential Transfers under 11 U.S.C. § 547.

    Plaintiffs' first cause of action is for recovery of alleged preferential transfers.   Subject to

certain defenses, Bankruptcy Code section 547 provides:

> The trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made on or within 90 days before the date of filing the petition;. . . and
>
> (5) that enables such creditor to receive more than such creditor would receive if (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).   Bankruptcy courts hold in the context of motions to dismiss under FRCP 12

that a preference complaint must allege more than just the statutory elements of a preference.   *See*

*Miller v. Mitsubishi Digital Elecs. Am. Inc.* (*In re Tweeter Opco*), 452 B.R. 150, 153 (Bankr. D. Del. 2011).

While Plaintiffs provide minimal information regarding the alleged transfers during the preference period in the form of charts attached to their boilerplate complaint, the Plaintiffs fail to allege any factual information demonstrating they satisfied their statutory burden to conduct "reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c)" prior to filing the Complaint. At least one Bankruptcy Court has concluded this new requirement of section 547(b) is an element of plaintiff's prima facie case:

> A conditions precedent is a "statutory prerequisite[] to litigation." 5 Arthur R. Miller et al., *Federal Practice and Procedure* § 1303 (4th ed.). Section 547(b) now requires that the trustee satisfy a condition precedent, i.e., reasonable due diligence and consideration of known or knowable affirmative defenses. Small Business Reorganization Act of 2019, Pub. L. No. 116-54 § 3(a), effective February 19, 2020. "[T]he trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer...." 11 U.S.C. § 547(b). This condition precedent has three discrete subparts, which the trustee, or someone acting on her behalf, must undertake prior to the commencement of a preference action: (1) reasonable due diligence under "the circumstances of the case"; (2) consideration as to whether a prima facie case for a preference action may be stated; and (3) review of the known or "reasonably knowable" affirmative defenses that the prospective defendant may interpose. 11 U.S.C. § 547(b). This court believes that this condition precedent, i.e., due diligence and consideration of affirmative defenses, is an element of the trustee's prima facie case.

*Husted v. Taggart (In re ECS Ref., Inc.)*, 625 B.R. 425, 453-454 (Bankr. E.D. Cal. 2020).

The intent of the new due diligence requirement was explained by the Honorable Craig T. Goldblatt in *Miller v. Nelson (In re Art. Inst. Of Phila. LLC)*:

The defendants also argue that the complaint fails to allege that Miller conducted reasonable due diligence into potential affirmative defenses, as required by the 2019 amendments to section 547(b) under the Small Business Reorganization Act.  While the provision contains scant legislative history, the purpose of the provision is easy enough to discern.  As a general proposition, plaintiffs are required under Rule 11 to have a good faith basis to believe, after a reasonable investigation, that they can prove the elements of a *prima facie* case.  But even where a defendant's affirmative defense is obviously available, nothing in the federal rules by their terms bars a plaintiff from filing suit - the traditional theory being that defendants bear the burden of proving an affirmative defense, and a plaintiff that is able to establish its *prima facie* case is therefore entitled to hold the defendant to its burden of pleading and proving such a defense.

As a practical matter, however, this led to a practice in which trustees would sometimes assert preference actions against every defendant that received a payment on account of an antecedent debt within the 90 days before bankruptcy without regard for the availability of obvious affirmative defenses like ordinary course of business, contemporaneous exchange, or new value.  Such lawsuits would impose burden and expense on defendants even where the claims were subject to a clear and meritorious affirmative defense.  The 2019 amendment to section 547 appears to be a response to that practice, imposing an obligation on trustees (not typically borne by plaintiffs) to assess the availability of an affirmative defense before filing suit.

*Miller v. Nelson (In re Art Inst. of Phila. LLC)*, 2022 Bankr. LEXIS 68, *48-50 (Bankr. D. Del. Jan. 12, 2022).  In order to satisfy the intent of amended section 547(b), a complaint must now "expressly recite the efforts [plaintiff] undertook to evaluate the merits of a prima facie case or reasonably knowable affirmative defenses."  *See Husted v. Taggart (In re ECS Ref., Inc.)*, 625 B.R. 425, 458 (Bankr. E.D. Cal. 2020).  Here, the Complaint's first cause of action must be dismissed because it fails to allege any steps the Plaintiffs took to account for Defendant's knowable defenses.  The Complaint merely states, "Plaintiffs have analyzed all readily available information and hereby seek to avoid all of the Transfers as set forth on the Exhibits attached hereto, as they reasonably believe all of such Transfers are avoidable after giving effect to

Defendants' known or reasonably knowable affirmative defenses under Section 547(c) of the Bankruptcy Code." Complaint, ¶ 37. Certainly the safeguards imposed by amended section 547(b) require more than a threadbare statement that due diligence was conducted.

Moreover, to the extent Plaintiffs contend the due diligence standard was satisfied by sending a boilerplate demand letter to Defendants, the lack of any response by Defendants to such letter does not excuse Plaintiffs from conducting an independent analysis of "known or reasonably knowable affirmative defenses." 11 U.S.C. § 547(b). In *Husted*, the court pointed out that the trustee was "deemed the custodian of [debtor]'s regularly kept records . . . and [] is fairly charged with the knowledge of the facts that those records would reveal." *Husted*, 625 B.R. 425 at 458. The court held that the "very general nature of the allegations" did not support "reasonable inferences" of due diligence efforts. *Id.* at 458. Plaintiffs are similarly situated to the trustee in *Husted*. In fact, as debtors in possession, they have even greater access to the debtors' books and records. Accordingly, Plaintiffs have access to all the information required to evaluate the ordinary course of business, new value and contemporaneous exchange defenses, including invoices, payment records and information regarding Defendants' product deliveries during the preference period. Plaintiffs are "fairly charged with the knowledge of the facts that those records would reveal." *See Husted*, 625 B.R. 425 at 458. Despite access to the information required to analyze the ordinary course of business, new value and contemporaneous exchange defenses, Plaintiff's Complaint does not provide any specific information regarding Plaintiff's evaluation of those defenses. Instead, the Complaint seeks the avoidance of the entirety of alleged transfers made during the preference period. Permitting the Complaint to proceed without any facts sufficient to show Plaintiffs conducted the prerequisite due diligence, particularly given their access to the

required information, not only undermines the policy of §547(b), but also violates the pleading

requirements of FRCP 8.  For that reason, Plaintiffs' first cause of action must be dismissed.

> **C.  The Complaint Fails to Allege Sufficient Facts to Establish a Plausible Claim for Avoidance of Fraudulent Transfers under 11 U.S.C. § 548.**

The Complaint's second cause of action seeks the avoidance of fraudulent transfers.  Once

again, Plaintiffs fail to state a claim upon which relief can be granted under FRCP 12(b)(6).

Section 548(a) of the Bankruptcy Code provides:

> The trustee may avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

> (i) received less than a reasonably equivalent value in exchange for such transfer or obligation;

> (I) and was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured. . . ."

11 U.S.C. § 548(a).  Section 548 allows a trustee to avoid fraudulent transfers based on claims of

actual fraud or constructive fraud. § 548(a)(1)(A), (B). A transfer is avoidable if it was either

actually fraudulent in that it "(i) had at its purpose an intent to hinder, delay or defraud the debtor's

creditors," or that it was constructively fraudulent in that the transfer "(ii) was made while the

debtor was in a precarious financial condition, and the transaction did not provide the debtor with

a reasonably equivalent value in exchange for the item transferred." 5 Collier on Bankruptcy §

548.01 (16th ed. 2019).

While FRCP 9(b) governs pleading under § 548(a)(1)(A), FRCP 8 governs pleading requirements under section 548(a)(1)(B). *Burtch v. Huston* (*In re USDigital, Inc.*), 443 B.R. 22, 38 (Bankr. D. Del. 2011). The Complaint fails to satisfy the requisite Rule 8 pleading standards to support a cause of action under section 548(a)(1)(B). Plaintiffs merely recite the elements of section 548(a)(1)(B) without asserting any actual allegations to show that relief is possible. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements . . . do not suffice."); *In re USDigital, Inc.*, 443 B.R. at 39 ("Conclusory or bare-bones allegations no longer suffice to survive a motion to dismiss."). Furthermore, Plaintiffs assert this cause of action as a mere backstop to their preference cause of action and even refer to the alleged fraudulent transfers as "Potentially Fraudulent Transfers." Complaint, ¶ 49. Hypothetical allegations without any factual underpinnings fail to satisfy the pleading requirements of FRCP 8. *See Twombly*, 550 U.S. at 555 (requiring the factual allegations in a complaint to "raise a right to relief above the speculative level").

Specifically, Plaintiffs failed to plead facts to show that the Debtors were insolvent or rendered insolvent by the Transfers. In addition, Plaintiffs failed to plead facts to show Debtors did not receive "reasonably equivalent value" as required by section 548(a)(1)(B)(i). Importantly, Plaintiffs cannot allege facts to support this necessary element of section 548(a)(1)(B). In the case of constructively fraudulent transfers, the Bankruptcy Code defines "value" as "property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor." § 548(d)(2)(A). The Bankruptcy Code does not define "reasonably equivalent value." *Peltz v. Hatten*, 279 B.R. 710, 736 (D. Del. 2002). The Third Circuit uses a two-step approach to determine whether a debtor received reasonably equivalent value in exchange for a transfer or obligation. *Pension Transfer Corp. v. Beneficiaries under the Third Amend. To Fruehauf Trailer Corp. Ret. Plan No. 003* (*In re Fruehauf Trailer Corp.*), 444 F.3d 203, 212 (3d Cir. 2006). The first prong is that "a court must consider whether, 'based on the circumstances that existed at the time' of the transfer, it was 'legitimate and reasonable' to expect some value accruing to the debtor." *Id.* (quoting *Mellon Bank, N.A. v. Official Comm. of Unsecured Creditors of R.M.L., Inc.* (*In re R.M.L.*,

9

*Inc.*), 92 F.3d 139, 152 (3d Cir. 1996).  If the court finds that the debtor received *any* value, then it turns to the second prong: namely, a fact-driven analysis between the value and the transfer at issue to determine "whether the debtor got roughly the value it gave."  *Id.* at 212-13.  In evaluating the second-prong, the court should consider "the good faith of the parties, the difference between the amount paid and the market value, and whether the transaction was at arms-length."  *In re Evergreen Energy, Inc.*, 546 B.R. 549, 563 (Bankr. D. Del. 2016).

Without further explanation, a transfer made by a debtor to reimburse a creditor for a pre-existing obligation under the terms of an arm's length commercial agreement does not show a lack of reasonably equivalent value.  *In re USDigital, Inc.*, 443 B.R. at 39; *Elway Co., LLP v. Miller* (*In re Elrod Holdings Corp.*), 421 B.R 700, 714 (Bankr. D. Del. 2010) (finding that a transfer that results in a "[r]eduction of a pre-existing obligation" is for reasonably equivalent value unless the trustee can show the value was not sufficient).  Generally, when a contract exists, as here, the contract rate is the reasonable value of the services provided to the bankruptcy estate.  *See e.g., In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010) (citing *In re Bethlehem Steel Corp.*, 291 B.R. 260, 264 (Bankr. S.D.N.Y. 2003)) (compelling payment of an administration expense).  And, if a trustee or debtor seeks to challenge the reasonable value of those services, it bears the burden of proof by providing convincing evidence to the contrary.  *See In re ID Liquidation One, LLC*, 503 B.R. 392, 399-400 (Bankr D. Del. 2013) ("Under the *Bildisco* 'reasonable value of services' standard, there is a presumption that the contract terms and rate represents the reasonable value of the services or goods provided under the contract.  This presumption can be overcome if the objecting party provides 'convincing evidence to the contrary.'") (internal citations omitted).

As alleged in the Complaint, the Transfers are related to amounts owed to Defendants pursuant to the terms of invoices listed in the charts attached to the Complaint.  A direct dollar-for-dollar reduction in the Debtors' liability to Defendants is "exactly equivalent consideration" for the services or goods provided to Debtors.  *See In re USDigital, Inc.*, 443 B.R. at 40 (dismissing cause of action under § 548(a)(1)(B) for failure and inability to allege facts to satisfy the

"reasonably equivalent value" element).  The Complaint does not include any facts to assert that the Transfers "show a lack of reasonably equivalent value."  *See id.* at 39-40.  Further, Plaintiffs provide no facts to overcome the presumption that the terms under the invoices and any related agreements represent the reasonable value of the services or goods the Defendants provided to the Debtors.

On its face, Plaintiffs' second cause of action is defective.  Plaintiffs did not—and cannot— plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a claim under section 548.  *Phillips*, 515 F.3d at 234.  Accordingly, the second cause of action should be dismissed with prejudice for failure to contain a "short and plain statement of the claim" and "failure to state a claim upon which relief can be granted."  FRCP 8(a)(2); 12(b)(6).

### D.  The Complaint Fails to Allege Sufficient Facts to Establish a Plausible Claim for Recovery of Property under 11 U.S.C. § 550.

Plaintiffs' third cause of action is for recovery of property under Section 550 of the Bankruptcy Code.  Section 550(a) provides that "…to the extent that a transfer is avoided under section…547, 548,…of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee."  11 U.S.C. § 550(a).

This cause of action is also devoid of factual allegations and each allegation is a mere legal conclusion.  Section 550 only applies to transfers properly avoided under sections 547 and 548. While this cause of action incorporates all prior paragraphs alleged by Plaintiffs in the Complaint, those facts as explained above are insufficient to set forth a plausible claim that the alleged Transfers were preferential under Section 547 or fraudulent transfers under Section 548.

Consequently, Plaintiffs have no right to recover the transfers under Section 550.  For that reason, Plaintiffs' third cause of action should be dismissed with prejudice.

### E.  The Fourth Cause of Action Should Be Dismissed Because the Transfers Are Not Recoverable and Defendants Claims Cannot be Disallowed Pursuant to Section 502(d)

The Complaint's fourth cause of action is for disallowance of the Defendants' Claims.  The Bankruptcy Code provides that a court "shall disallow any claim of any entity from which property is recoverable . . . or that is a transferee of a transfer avoidable . . . unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable." 11 U.S.C. § 502(d).

Once again, Plaintiffs fail to allege facts supporting a claim for relief.  The Complaint even fails to provide the most basic information supporting this cause of action, such as identifying which claims of Defendants the Plaintiffs seek to disallow.  As discussed above, Plaintiffs cannot avoid the Transfers pursuant to sections 547 or 548.  Thus, Plaintiffs have not alleged any facts supporting a finding that the Defendants are "transferee[s] of avoidable transfers," as required by section 502(d).  *Iqbal*, 556 U.S. at 679.  Thus, no relief can be granted pursuant to section 502(d) and on that basis, the fourth cause of action should be dismissed.

## IV.  <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that the Court enter an order dismissing the Complaint with prejudice pursuant to FRCP 12(b)(6) as incorporated by FRBP 7012, and grant such other relief as is just and proper.

Dated:  February 7, 2022                   THE POWELL FIRM, LLC
                                           Wilmington, Delaware

                                           By:_____/s/ Jason C. Powell_____

                                           Jason C. Powell (No. 3768)
                                           1201 No. Orange Street
                                           Wilmington, Delaware 19801
                                           Telephone: 302.650.1572
                                           Fax: 302.650.1574
                                           Email: jpowell@delawarefirm.com

                                           -AND-

                                           BUCHALTER, A Professional Corporation

                                           By:_____/s/ Brian T. Harvey_____

                                           BRIAN T. HARVEY
                                           1000 Wilshire Boulevard, Suite 1500
                                           Los Angeles, CA  90017-1730
                                           Telephone: 213.891.0700
                                           Fax: 213.896.0400
                                           Email: bharvey@buchalter.com

                                           *Counsel for Defendants McKesson Plasma & Biologics
                                           LLC and McKesson Medical-Surgical, Inc.*