**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Ch. 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Case No. 19-11466 (MFW) |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) | |
| et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) | Adv. Proc. No. 21-50796 |
| HAHNEMANN UNIVERSITY HOSPITAL, | ) | (MFW) |
| ST. CHRISTOPHER'S HEALTHCARE, LLC | ) | |
| TPS III OF PA, LLC, TPS IV OF PA, | ) | |
| and TPS V OF PA, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MCKESSON PLASMA & BIOLOGICS LLC | ) | |
| & MCKESSON MEDICAL-SURGICAL, INC., | ) | |
| | ) | |
| Defendants. | ) | Re: D.I. 1, 18, 21 & 25 |

<u>**MEMORANDUM OPINION**</u>[1]

Before the Court is a motion to dismiss (the "Motion to Dismiss") a Complaint seeking avoidance of preferential transfers, avoidance of fraudulent transfers, recovery of property, and disallowance of claims. For the reasons stated below, the Court will grant in part, and deny in part, the Motion to Dismiss.

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. Instead, the facts recited are those averred in the Complaint, which must be accepted as true for the purposes of the Motion to Dismiss. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

I.   BACKGROUND

On June 30 and July 1, 2019, Center City Healthcare, LLC and some of its affiliates (the "Debtors") filed petitions under chapter 11 of the Bankruptcy Code.  The Debtors employed EisnerAmper LLP ("EisnerAmper"), with Court approval, to provide interim management and operational services to the Debtors.[2]  As part of this role, EisnerAmper reviewed the Debtors' financials for the ninety days prior to the Petition Date (the "Avoidance Period").  Based on that review, the Debtors concluded that several transfers (the "Transfers") from the Debtors to McKesson Plasma & Biologics LLC ("McKesson Plasma") and McKesson Medical-Surgical, Inc. ("McKesson Medical") (collectively, the "Defendants") were avoidable.[3]  On May 7 and May 26, 2021, the Debtors sent offers to the Defendants to settle these claims (the "Demand Letters").[4]  The Defendants did not respond.[5]

---

[2]   D.I. 338.  References to the docket in the main case are to "D.I. #" while references to the docket in this adversary proceeding are to "Adv. D.I. #."

[3]   Adv. D.I. 1 ¶¶ 3, 33-34, 39, & Exs. B & C.

[4]   The Debtors attached the Demand Letters to their response. Adv. D.I. 21 at Ex. 1.  In the Demand Letters, the Debtors outlined claims against the Defendants, delineated potentially applicable defenses to a preference action, proposed a settlement of the claims, and invited the Defendants to identify defenses upon which they would rely.  Id.

[5]   Adv. D.I. 1 ¶ 36.

On June 23, 2021, the Debtors commenced a Complaint against the Defendants seeking to recover $853,284 in pre-petition payments made by the Debtors to the Defendants during the Avoidance Period.[6]  The Complaint seeks to avoid and recover those Transfers as preferences under Counts I & III, to avoid and recover those Transfers as fraudulent transfers under Counts II & III, and to disallow any claims that the Defendants may have against the Debtors under Count IV.

On February 7, 2022, the Defendants filed the Motion to Dismiss pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.[7]  On February 22, 2022, the Debtors filed a response.[8] The Defendants filed a reply on March 1, 2022.[9]  The Motion to Dismiss is ripe for decision.

---

[6]    Exhibit A to the Complaint is a summary of the Transfers, Exhibit B sets forth the details of each of the Transfers to McKesson Plasma (totaling $790,414), and Exhibit C sets forth the details of each of the Transfers to McKesson Medical (totaling $62,870).  Id. ¶¶ 32-34.  Exhibits B and C include the applicable check number, the payment, wire or ACH identifying number, the payment date, the payment amount, the invoice number(s) to which each payment relates, the invoice date(s), and the invoice amount(s) paid.  Id.

[7]    Adv. D.I. 18.  The applicable Federal Rules of Civil Procedure are incorporated in the Federal Rules of Bankruptcy Procedure.  Therefore, citations herein are to the Federal Rules of Civil Procedure.

[8]    Adv. D.I. 21.

[9]    Adv. D.I. 25.

II.   <u>JURISDICTION</u>

The Court has subject matter jurisdiction over this adversary proceeding.  28 U.S.C. § 1334(b).  This action involves core claims.  28 U.S.C. § 157(b).  The Defendants have consented to entry of an order by the Court on the Motion to Dismiss.[10]

III.  <u>DISCUSSION</u>

A.   <u>Standard of Review</u>

1.   <u>Rule 12(b)(6)</u>

The Motion to Dismiss is brought under Rules 8(a) and 12(b)(6).  Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[11]  Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted."[12]  When a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the complaint "does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[13]  To survive a

---

[10]   Adv. D.I. 18, 25.

[11]   Fed. R. Civ. P. 8(a).

[12]   Fed. R. Civ. P. 12(b)(6).

[13]   <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face."[14]  Two "working principles" underlie this pleading standard:

> First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.  Second, determining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense.[15]

Under this standard, a complaint must nudge claims "across the line from conceivable to plausible."[16]  The court must draw all reasonable inferences in favor of the plaintiff,[17] and the movant "bears the burden to show that the plaintiff's claims are not plausible."[18]

In weighing a motion to dismiss, the Third Circuit instructs courts to follow a three-part analysis.  "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a

---

[14]   Id. at 570.

[15]   Iqbal, 556 U.S. at 663-64 (citation omitted).

[16]   Twombly, 550 U.S. at 570.

[17]   See, e.g., Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018).

[18]   UMB Bank, N.A. v. Sun Capital Partners V, LP (In re LSC Wind Down, LLC), 610 B.R. 779, 783 (Bankr. D. Del. 2020).

claim.'"[19]  Second, the court must separate the factual and legal

elements of the claim, accepting all of the complaint's well-pled

facts as true and disregarding any legal conclusions.[20]  Third,

the court must determine whether the facts alleged in the

complaint are sufficient to show that the plaintiff has a

plausible claim for relief.[21]  After conducting this analysis,

the court may conclude that a claim has facial plausibility when

the pled factual content allows the court to draw the reasonable

inference that the defendant is liable for the alleged

misconduct.[22]

     B.   <u>Voidable Preferences</u>

The Defendants move to dismiss Count I of the Debtors'

Complaint which alleges claims for avoidance of preferential

transfers under section 547 of the Bankruptcy Code.  The

Defendants contend that the Complaint fails to plead the

preference claim adequately for multiple reasons.

     1.   <u>Pleading the Traditional Elements of Section 547</u>

Initially, the Defendants argue that a preference complaint

---

[19]  <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130 (3d Cir.
2010) (quoting <u>Iqbal</u>, 556 U.S. at 675).

[20]  <u>Santiago</u>, 629 F.3d at 130.  <u>See also</u> <u>Fowler v. UPMC
Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing <u>Iqbal</u>, 556
U.S. at 679).

[21]  <u>Santiago</u>, 629 F.3d at 130.

[22]  <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556).

must allege more than the statutory elements of a preference. They assert that the Complaint is merely boilerplate and provides only minimal factual information regarding the alleged Transfers.

In response, the Debtors contend that they have asserted sufficient non-conclusory facts to adequately plead a claim under section 547. Specifically, the Debtors argue that the exhibits attached to the Complaint contain sufficient facts about the alleged Transfers to satisfy the traditional elements of a preference claim.

The traditional elements of an avoidable preference claim as stated in section 547(b) allow a debtor to avoid a transfer of property of the debtor:

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made on or within 90 days before the date of filing the petition; . . . and
> (5) that enables such creditor to receive more than such creditor would receive if
>     (A) the case were a case under chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.[23]

To survive a motion to dismiss, a claim for a preferential transfer under section 547 must include the following information: "(a) an identification of the nature and amount of

---

[23]    11 U.S.C. § 547(b).

each antecedent debt and (b) an identification of each alleged preference transfer by (i) date [of the transfer], (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer."[24]

In this case, the Court concludes that the Debtors have alleged all the traditional elements of a voidable preference action.  The exhibits attached to the Complaint allege sufficient facts to support the Debtors' claim because they state (1) the applicable payment date and amount, (2) the invoice number, date, and amount to which such payment relates, (3) the Defendant receiving the payment, and (4) the Debtor making the payment.[25] Thus, the exhibits give enough factual detail that the Defendants have notice of the Transfers alleged to be avoidable preferences and the antecedent debt they pay.

Finally, the Court concludes that the Complaint adequately alleges that the Defendants received more than they would have in a hypothetical chapter 7 case because it alleges that the Debtors

---

[24]   Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.), 288 B.R. 189, 192 (Bankr. D. Del. 2003). See also Miller v. Nelson (In re Art Inst. of Phila. LLC), Adv. Pro. No. 20-50627 (CTG), 2022 Bankr. LEXIS 68, at *48 (Bankr. D. Del. Jan. 12, 2022) (holding that the complaint failed to identify which particular debtor made the transfer, thus, failing to state a claim for preference); Beskrone v. OpenGate Capital Grp., LLC (In re PennySaver USA Publishing, LLC), 602 B.R. 256, 274 (Bankr. D. Del. 2019) (holding that the court requires the trustee, inter alia, to identify the particular debtor making the preferential transfer when there are multiple debtors involved in the case).

[25]   Adv. D.I. 1 at Exs. B & C.

have filed a proposed plan of liquidation that will not provide for payment in full of general unsecured claims.[26]

Consequently, the Court concludes that the Debtors have stated a factually plausible claim that satisfies the traditional elements of an avoidable preference.

### 2.    Additional Due Diligence Requirement

The Defendants argue, however, that the recent amendment to section 547(b)[27] creates a new element in a preference claim which requires that the Debtors make additional factual allegations in their Complaint, namely that the complaint is based on "reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c)."[28]  The Defendants assert that the Complaint's threadbare statement that the Debtors did an inquiry is insufficient to satisfy that

---

[26]    Adv. D.I. 1 ¶ 35.  <u>See</u> <u>Stanziale v. Southern Steel & Supply, L.L.C. (In re Conex Holdings, LLC)</u>, 518 B.R. 269, 278 (Bankr. D. Del. 2014) ("As a matter of general arithmetic, any transfer to a general unsecured creditor ordinarily satisfies this test unless the debtor's estate turns out to be solvent in Chapter 7."); <u>Buchwald Capital Advisors LLC v. Metl-Span I., Ltd. (In re Pameco Corp.)</u>, 356 B.R. 327, 336-37 (Bankr. S.D.N.Y. 2006) (holding that because the defendant was not secured and the plan filed by the debtor will pay unsecured creditors less than 100%, the defendant clearly recovered more than it would have in a hypothetical chapter 7 liquidation).

[27]    Section 547(b) was amended in 2019 by The Small Business Reorganization Act of 2019, Pub. L. No. 116-54 § 3(a).

[28]    11 U.S.C. § 547(b).

additional element.[29]  Instead, the Defendants contend that the Debtors are required to allege in detail what due diligence efforts they made, including their analysis of the Defendants' affirmative defenses.

The Defendants also contend that the Demand Letters the Debtors sent to the Defendants were boilerplate and did not show what independent analysis of "known or reasonably knowable affirmative defenses" the Debtors conducted.[30]  The Defendants assert that the Debtors have the requisite information in their books and records to evaluate the Defendants' ordinary course of business, new value, and contemporaneous exchange defenses, but the Complaint fails to provide any specific information regarding the Debtors' evaluation of those defenses.  Thus, the Defendants argue that the Complaint fails to allege specific factual bases to satisfy the pleading requirements of amended section 547(b) and Rule 8.

In response, the Debtors argue that the amendment to section 547(b) did not create a new element for a preference claim.[31]

---

[29]  See Husted v. Taggart (In re ECS Refining, Inc.), 625 B.R. 425, 454 (Bankr. E.D. Cal. 2020) ("This court believes that this condition precedent, i.e., due diligence and consideration of affirmative defenses, is an element of the trustee's prima facie case.").

[30]  D.I. 21 at Ex. 1.

[31]  See Insys Therapeutics, Inc. v. Quinn Emanuel Urquhart & Sullivan, LLP (In re Insys Therapeutics, Inc.), Adv. Pro. No. 21-50359 (JTD), 2021 WL 5016127, at *3 (Bankr. D. Del. Oct. 28,

The Debtors assert that, because reasonable due diligence is not an additional element of section 547, the Complaint has adequately pled a claim for avoidance of a preference.  Even if it was a new element that must be pled under section 547, the Debtors argue that it does not impose an obligation on plaintiffs to disprove affirmative defenses at the motion to dismiss stage.[32]  Rather, they assert that it merely requires that the Complaint allege that the Debtors have done reasonable due diligence of the claims and the possible defenses to the claims.  The Debtors contend that the Complaint satisfies that pleading requirement because it alleges that they conducted "reasonable due diligence" before filing the Complaint.[33]

_____

2021) (declining to conclude that the amended language added a new element but finding that the trustee had adequately pled due diligence).

[32]   See Art Inst., 2022 Bankr. LEXIS 68, at *49 n.116 (noting that a plaintiff does not have to "anticipate and negate" potential affirmative defenses in his or her pleading) (citing Perry v. Merit Sys. Prot. Bd., 137 S. Ct. 1975, 1986 n.9 (2017)); Insys, 2021 WL 5016127, at *3 ("[A]n affirmative defense may not be used to dismiss a plaintiff's complaint under Rule 12(b)(6).") (quoting In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267, 277 (3d Cir. 2004)).

[33]   The Complaint alleges that the Debtors conducted an analysis of the transfers made to the Defendants during the Avoidance Period and determined that transfers in the aggregate amount of at least $853,284 are avoidable and not protected from avoidance by any applicable defense.  Adv. D.I. 1 ¶ 3.  The Complaint further alleges that the Debtors analyzed all readily available information and reasonably believed that the Transfers were avoidable after giving effect to the Defendants' known or reasonably knowable affirmative defenses under section 547(c) of the Bankruptcy Code.  Id. ¶ 37.

11

While the Debtors concede that the Complaint did not specify in detail the due diligence efforts of EisnerAmper nor attach the Demand Letters,[34] they argue that the reference to them in the Complaint is sufficient for the Court to consider them.[35]  Based on the due diligence reflected therein, the Debtors argue that they have properly pled a preference count against the Defendants, and the Court should not dismiss Count I of the Complaint.

---

[34]   The Debtors did include a copy of the Demand Letters and a fulsome description of those efforts in their response to the Motion to Dismiss.  Adv. D.I. 21.  Specifically, the Debtors state that EisnerAmper: 1) reviewed the Debtors' bank statements to obtain the population of checks and wires, 2) traced transactions to each Debtors' check register to obtain invoices paid under each transfer by check, 3) searched the Debtors' check requests, as well as correspondence with the Debtors' accounts payable and finance departments to identify the underlying invoices for wire transfers, 4) calculated the days-to-pay for each transaction based on the difference between the transfer clear date per the bank records and the invoice dates, 5) scanned check request files for indications of unusual collection activity, 6) analyzed transactions prior to the Avoidance Period on a vendor by vendor basis to compare days to pay prior to the Avoidance Period and prepared an analytical review of same, 7) scanned accounts payable, proofs of claim, and post-petition spend files to ascertain unpaid invoices at the filing date to identify vendors that would have a viable new value defense or ordinary course of business defense, and 8) searched finance department and accounts payable files and emails for evidence of unusual collection activity.  Id.

[35]   Adv. D.I. 1 ¶ 3, 36 & 37.  See U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (holding that a court may consider a document that is integral or explicitly relied upon by the complaint without converting the motion to dismiss into one for summary judgment) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).

As part of The Small Business Reorganization Act of 2019,[36] Congress added the following underlined language to section 547(b): "the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property. . . ."[37]  There is no explanation, in the Code or in the legislative history to the amendment, of what is required to meet the new requirement.[38]  The bankruptcy courts differ on whether it adds a new element to preference claims.[39]  At least one court has stated that it is a condition precedent, and thus a new element, which the plaintiff must allege and prove.[40]  While other courts have disagreed, they did not decide the issue because they ruled on other grounds.[41]

---

[36]    Pub. L. No. 116-54 § 3(a).

[37]    11 U.S.C. § 547(b) (emphasis added).

[38]    H.R. 116-171, 116th Cong., 1st Sess. (2019).

[39]    See Art Inst., 2022 Bankr. LEXIS 68, at *50 ("Bankruptcy courts are divided on the question whether this statutory language adds an element to a preference claim that must be sufficiently alleged in the complaint and proven at trial.").

[40]    ECS Refining, 625 B.R. at 453-58 (holding that reasonable due diligence is an element of a prima facie case under section 547(b) and is consistent with Congressional intent).

[41]    See Art Inst., 2022 Bankr. LEXIS 68, at *50 (dismissing the complaint on other grounds and declining to resolve whether reasonable due diligence is an additional element of a prima facie preference claim); Weinman v. Garton (In re Matt Garton &

The Court finds it unnecessary to resolve this issue.  Even
if the amended language of section 547(b) added "reasonable due
diligence" as an element of a claim for an avoidable preference,
the Court concludes that the Debtors in this case have adequately
pled factual allegations to satisfy that element.[42]  The
Complaint alleges that the Debtors conducted an analysis of the
Transfers made to the Defendants during the Avoidance Period and
whether they were protected from avoidance by any applicable
defense.[43]  The Complaint further alleges that the Debtors sent
Demand Letters to the Defendants inviting an exchange of
information regarding any potential defenses with respect to the

---

Assocs., LLC), Adv. Pro. No. 21-1215 TBM, 2022 Bankr. LEXIS 633,
at *31-33 (Bankr. D. Colo. Feb. 14, 2022) (holding that the
trustee had conducted reasonable due diligence but declining to
conclude that it is a new element); Faulkner v. Lone Star
Brokering, LLC (In re Reagor-Dykes Motors, LP), Adv. Pro. No. 20-
05028, 2021 Bankr. LEXIS 1643, at *14-15 (Bankr. N.D. Tex. June
18, 2021) (explaining that the court does not need to decide
whether the amendment created an additional element but stressing
that the trustee must exercise a certain level of due diligence
prior to bringing a preference claim); Insys, 2021 WL 5016127, at
*3 (concluding that the trustee had adequately pled due diligence
in his complaint and declining to resolve the issue of whether
reasonable due diligence is a new element); Sommers v. Anixter,
Inc. (In re Trailhead Eng'g LLC), Adv. Pro. No. 20-3094, 2020
Bankr. LEXIS 3547, at *19-20 (Bankr. S.D. Tex. Dec. 21, 2020)
(holding that the court will not determine whether reasonable due
diligence is an element of a preference claim but noting that due
diligence is dependent on the circumstances of the case and what
the complaint alleged).

[42]   Adv. D.I. 1 ¶¶ 3, 36-37.  See Twombly, 550 U.S. at 555.

[43]   Adv. D.I. 1 ¶¶ 3, 37.

Transfers and received no responses.[44]

While the Complaint failed to allege in detail those analysis efforts or attach the Demand Letters, the Complaint did reference them.  Thus, the Court may consider them.[45]  Taking the allegations of the Complaint as true — as the Court must at this stage — the Court concludes that the Debtors allege sufficient facts to state a plausible claim that they met the added requirement of section 547.  The Court concludes that there is no requirement that the Debtors plead how the affirmative defenses are not available; the Debtors must simply plead that they considered them.[46]

Accordingly, the Court will deny the Motion to Dismiss Count I.

C.   Fraudulent Transfers

The Defendants also move to dismiss Count II of the Debtors' Complaint, which alternatively seeks avoidance of the Transfers

---

[44]   Id. ¶ 36.

[45]   See End of the Road Trust ex rel. Fruehauf Trailer Corp. v. Terex Corp. (In re Fruehauf Trailer Corp. I), 250 B.R. 168, 183 (D. Del. 2000) (concluding that when considering a Rule 12(b)(6) motion to dismiss, a court may consider documents attached to or incorporated by reference into the complaint); IKB Int'l, S.A. v. Wilmington Trust Co., 1:17-cv-1351, 2018 WL 2210564, at *2 (D. Del. May 14, 2018) (when a court considers a motion to dismiss pursuant to Rule 12(b)(6), the court should generally only consider allegations in the complaint as well as documents incorporated by reference or integral to the claim).

[46]   See Art Inst., 2022 Bankr. LEXIS 68, at *49; Insys, 2021 WL 5016127, at * 3.

as constructively fraudulent transfers under the Bankruptcy Code,
if they are not determined to be avoidable as preferences.  The
Defendants argue that the Complaint fails to satisfy the Rule 8
pleading standards because the Debtors merely recite the elements
of section 548(a)(1)(B) without asserting actual factual
allegations to support those elements.  Furthermore, the
Defendants assert that, because the Complaint alleges that the
Transfers were made by the Debtors to satisfy a pre-existing
obligation under their commercial agreements, reasonably
equivalent value was given in exchange for the Transfers.[47]

Similarly, the Defendants argue that the Complaint fails to
include a single factual allegation supporting a conclusion that
the Debtors were insolvent at the time of the Transfers or were
rendered insolvent by them.  The Defendants note that, unlike
section 547, there is no presumption of insolvency under section
548.  Therefore, the Defendants argue that Count II must be
dismissed.

The Debtors counter that they have properly pled a
constructively fraudulent transfer claim in the alternative.
They assert that, at this stage, to properly allege a claim under
section 548(a)(1)(B), they need only identify transfers which

_____

[47]    Adv. D.I. 1 ¶¶ 33-34, 43, 49.  See Burtch v. Huston (In re
USDigital, Inc.), 443 B.R. 22, 40 (Bankr. D. Del. 2011) (holding
that the trustee failed to assert any factual allegations in its
complaint that the debtor did not receive reasonably equivalent
value and dismissed the claim for "threadbare" assertions).

they allege were made for less than reasonably equivalent value at a time when they were insolvent.[48]  The Debtors argue that they have met this pleading standard by the allegations in the Complaint and its Exhibits.  Specifically, while the Complaint does assert that the Transfers were to pay for invoices, the Debtors note that the Complaint alleges that the Debtor that paid the Defendant was not indebted to the Defendant.[49]  As a result, the Debtors assert that the transferor Debtor did not receive reasonably equivalent value in return for the payment.  Further, the Debtors argue that they have met the pleading requirements of Rule 8(a) as a result of the allegations in the Complaint that they were insolvent at the time of the Transfers.

A party may plead a claim in the alternative under Rule 8(d)(2).[50]  Therefore, the Debtors are not precluded from asserting that the Transfers are avoidable either as preferences or as fraudulent conveyances.  To assert a claim for avoidance of

---

[48]   See Stanziale v. Brown-Minneapolis Tank ULC, LLC (In re BMT-NW Acquisition, LLC), 582 B.R. 846, 856-58 (Bankr. D. Del. 2018) (concluding that the trustee needs to only state facts with sufficient particularity to provide the defendant fair notice of the charges against him, but it must do more than simply reciting statutory elements).

[49]   Adv. D.I. 1 ¶ 49.

[50]   "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."  Fed. R. Civ. P. 8(d)(2).

17

a constructively fraudulent transfer under section 548, the plaintiff must allege that "there was a transfer for less than reasonably equivalent value at a time when the Debtors were insolvent."[51]  The pleading party cannot rely on reciting statutory elements but must allege facts with sufficient particularity to establish its claim.[52]

> 1.   Reasonably Equivalent Value

The Bankruptcy Code does not define "reasonably equivalent value."  The Third Circuit uses a totality of the circumstances analysis.[53]  That analysis includes: "(1) whether the transaction was at arm's length, (2) whether the transferee acted in good faith, and (3) the degree of difference between the fair market value of the assets transferred and the price paid."[54]  Under that test, even where a transaction is at arm's length and the transferee acted in good faith, a transfer may nonetheless be avoidable if the actual value of what was given in exchange was

---

[51]   PennySaver, 602 B.R. at 266 (holding that constructively fraudulent transfer claims are subject to the pleading standard of Rule 8(a)(2) rather than Rule 9) (citing JLL Consultants, Inc. v. Gothner (In re AgFeed USA, LLC), 546 B.R. 318, 336 (Bankr. D. Del. 2016)).

[52]   See Insys, 2021 WL 5016127, at *4-5.

[53]   See Official Comm. of Unsecured Creditors of Midway Games Inc. v. Nat'l Amusements Inc. (In re Midway Games Inc.), 428 B.R. 303, 323 (Bankr. D. Del. 2010) (citing In re R.M.L., Inc., 92 F.3d 139, 153 (3d Cir. 1996)).

[54]   R.M.L., 92 F.3d at 153.

not equivalent to the value of the transfer.[55]  Further, courts
have held that where the debtor identifies the date, amounts, and
transferee of each transfer and alleges that the transfer was for
less than reasonably equivalent value, it has stated a claim
under section 548.[56]

Here, the Complaint identifies the date, amounts, and
transferee of each transfer, while alleging the Transfers were
for less than reasonably equivalent value.[57]  While the
Defendants argue that the Complaint alleges that the Transfers
were in payment of the invoices for goods and services provided
by them, the Third Circuit has held that even a payment in
satisfaction of an invoice for which the debtor was liable may
nonetheless be a fraudulent transfer.[58]

Here, the Complaint goes further by alleging that the Debtor
who made the Transfer did not receive reasonably equivalent value
in exchange for that Transfer because the transferor Debtor had
not incurred the debt represented by the invoice the Transfer

---

[55]    Id. at 154.

[56]    PennySaver, 602 B.R. at 268-69.

[57]    Adv. D.I. 1 ¶ 49, Exs. B & C.

[58]    R.M.L., 92 F.3d at 153 (concluding that payments made by a
debtor under a loan fee agreement were not reasonably equivalent
to the benefits provided by the bank under that agreement because
there was very little possibility that the bank would ever grant
a loan to the debtor).

paid.[59]

Thus, the Court concludes that the Debtors have adequately
pled that they did not receive reasonably equivalent value for
the Transfers.

2.   Insolvent

However, the Court concludes that the Complaint does not
plausibly allege the Debtors' insolvency at the time of the
Transfers.  There is no presumption of insolvency under section
548 as there is in section 547.  Thus, a plaintiff seeking to
avoid transfers under section 548 must allege facts sufficient to
support a finding that the debtor was insolvent at the time of
the transfers or that the transfers rendered it insolvent.[60]  In
this case, the Complaint does not allege any facts relative to
the Debtors' insolvency at the time of the Transfers but merely
recites the language of the statute.  This does not satisfy the

---

[59]    Adv. D.I. 1 ¶ 49(a).

[60]    See Lightsway Litig. Servs., LLC v. Yung (In re Tropicana
Entm't, LLC), 520 B.R. 455, 472 (Bankr. D. Del. 2014) (stating
that to meet the burden of pleading insolvency, "a plaintiff must
plead facts showing that the debtor-corporation has either 1) a
deficiency of assets below liabilities with no reasonable
prospect that the business can be successfully continued in the
fact [sic] thereof, or 2) an inability to meet maturing
obligations as they fall due in the ordinary course of business")
(citation and internal quotations omitted); Joseph v. Quad
Venture Partners, LP (In re Troll Commc'ns, LLC), 385 B.R. 110,
123-24 (Bankr. D. Del. 2008) (concluding that the plaintiff
adequately pled insolvency by alleging facts that showed the
debtors' liabilities exceeded their assets during the year before
the bankruptcy).

pleading standard of Rule 8(a)(2).  As a result, the Court will grant the Motion to Dismiss Count II of the Complaint.

       D.   <u>Recovery of Avoided Transfers and Disallowance of Claims</u>

Count III seeks the recovery of the Transfers avoided under sections 547 and 548 through section 550.  Count IV seeks the disallowance of any claims of the Defendants pursuant to section 502 of the Bankruptcy Code.  The Defendants move to dismiss Counts III and IV because they argue that the Debtors have not set forth a plausible claim that the alleged Transfers are avoidable as preferences under section 547 or fraudulent transfers under section 548.  Therefore, the Defendants contend that the Debtors have no right to recover the Transfers under section 550 or to disallow any claims pursuant to section 502.[61]

The Debtors respond that because the Complaint sufficiently pleads claims for avoidance of preferences and/or fraudulent transfers under sections 547 and 548, they have stated a claim under section 550 and under section 502.  As a result, they argue that the Court should not dismiss Counts III and IV.

---

[61]    <u>See</u> <u>Giuliano v. Shorenstein Company LLC (In re Sunset Aviation, Inc.)</u>, 468 B.R. 641, 651-52 (Bankr. D. Del. 2011) (dismissing a section 550 claim because the plaintiff failed to state a claim under either section 547 or section 548); <u>Miller v. McCown De Leeuw & Co., Inc. (In re The Brown Schs.)</u>, 368 B.R. 394, 406-07 (Bankr. D. Del. 2007) (dismissing a section 550 claim because the trustee had waived the right to bring a claim to avoid the transfer to the initial transferee).

Section 550 of the Bankruptcy Code provides that "to the extent that a transfer is avoided under section 544, 547, [or] 548 . . . of this title, the trustee may recover . . . the property transferred . . . from the initial transferee of such transfer or the entity for whose benefit such transfer was made."[62]  Further, section 502 provides for the disallowance of all claims of a claimant who is liable for an avoidable transfer under section 547 or 548 unless the claimant has paid the amount due or returned the property transferred.[63]  Therefore, to state a claim for recovery of a transfer under section 550 or for disallowance of a claim under section 502, a plaintiff must only state a plausible claim for avoidance of the transfer under section 547 or 548.[64]

As the Court concluded above, the Debtors have adequately pled a preference claim.  Therefore, they have stated a claim for recovery under section 550 and a claim for disallowance of the Defendants' claims under section 502(d) as well.  As a result,

---

[62]    11 U.S.C. § 550.  See, e.g., FBI Wind Down, Inc. v. Careers USA, Inc. (In re FBI Wind Down, Inc.), 614 B.R. 460, 502 (Bankr. D. Del. 2020).

[63]    "[T]he court shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a transfer avoidable under section . . . 547 [or] 548 of this title, unless such entity or transferee has paid the amount, or turned over any property, for which such entity or transferee is liable . . . ."  11 U.S.C. § 502(d).

[64]    See Sunset Aviation, 468 B.R. at 651-52.

the Court will deny the Motion to Dismiss Counts III and IV.

IV.    CONCLUSION

    For the reasons set forth above, the Motion to Dismiss will be granted with respect to Count II.  The Motion to Dismiss will be denied with respect to Counts I, III, and IV.

    An appropriate Order follows.


Dated: June 13, 2022          BY THE COURT:

                        Mary F. Walrath
                        United States Bankruptcy Judge